UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NuSoft, Inc.,                                        Case No. 1:06cv689

        Plaintiff,                           Judge Barrett

  v.

Matthew Bidwell, et al.,

        Defendants.

### TEMPORARY RESTRAINING ORDER

      This matter is before this Court pursuant to the Motion for Temporary Restraining Order (Doc. 2) filed by Plaintiff.  Defendants filed responses to the Motion for Temporary Restraining Order (Doc. 11 and 12).  A hearing was held on the motion on October 26, 2006.  Both sides presented testimony.  Having considered Plaintiff's Verified Complaint, including the attached exhibits, Plaintiff's Motion for Temporary Restraining Order, Defendants' responses to that motion, including attached exhibits and affidavits, and the arguments of Counsel for Plaintiff and the Defendants presented on the Record, Plaintiff's Motion for Temporary Restraining Order (Doc. 2) is hereby GRANTED, in part, and DENIED, in part.

      The elements necessary to obtain a temporary restraining order are as follows: (1) a strong or substantial likelihood of success on the merits; (2) irreparable harm has been suffered and will continue to suffer unless Defendant's conduct is enjoined; (3) the issuance of the temporary restraining order will not result in substantial harm to others; and (4) that the public interest is advanced by the injunction. Fed.Civ.R. 65, *Michigan State AFL-CIO v.Miller,* 103 F.3d 1240, 1249 (6th Cir. 1997).  The foregoing factors are

not prerequisites, but rather are factors which the Court should balance. *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427 (6th Cir. 2004). However, Plaintiff must meet its burden by clear and convincing evidence. (*Garlock, Inc. v. United Seal, Inc.* 404 F.2d 256, 257 (6th Cir. 1998).

The parties agree that Michigan law applies to this matter pursuant to paragraph 30 of the Consultant Employee Agreement. The parties both acknowledged that an agreement was entered into between Plaintiff and Defendant Bidwell, the Consultant Employee Agreement which includes a Non-Compete Covenant as it relates to clients of plaintiff. The parties also acknowledge that the central issue in this case is whether Microsoft is a client of NuSoft or a platform provider partner. The Court entertained contradictory testimony regarding this key issue which may be clarified in the future with either industry testimony or corporate documentation.

However, at this state of the litigation, based on the contradictory testimony, the Court finds that Plaintiff has failed to show by clear and convincing evidence that Microsoft is a client.

Pursuant to the foregoing IT IS ORDERED that:

(1) Bidwell is enjoined and restrained from providing services for the benefit of any client of NuSoft for which he provided services while at NuSoft, <u>excluding</u> Microsoft Corporation;

(2) Bidwell is further enjoined from diverting, soliciting, or attempting to solicit any of Plaintiff's clients or customers, <u>excluding</u> Microsoft Corporation);

(3) Bidwell is enjoined and restrained from retaining, using or disclosing any of Plaintiff's proprietary information and confidential trade secret

   information, including but not limited to the confidential information referred to in Paragraph 4 of the Consultant Employee Agreement;

(4) Bidwell is to immediately return to Plaintiff all originals, copies or other reproductions of Plaintiff's confidential and trade secret information if any such materials are still in his possession.

IT IS FURTHER ORDERED that no bond be required.  This temporary restraining order shall be in full force and effect until 5:00pm on November 6, 2006 unless extended by this Court.  A preliminary injunction hearing has already been set for November 6, 2006 at 9:00am.

**IT SO ORDERED**.

                s/Michael R. Barrett
                Michael R. Barrett, Judge
                United States District Court